IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DOUGLAS HARRIS,**

**Plaintiff,**

v.                                                             No. 16-0823-DRH

**MONSANTO COMPANY
and JOHN DOES 1-50,**

**Defendants.**

## SHOW CAUSE ORDER

**HERNDON, District Judge:**

This matter comes before the Court for case management. On July 20, 2016, Douglas Harris filed suit against Monsanto Company and John Does 1-50 based on the diversity statute, 28 U.S.C. § 1332 (Doc. 1). On July 21, 2016, Chief District Judge Michael J. Reagan recused from this matter and it was reassigned to the undersigned (Doc. 5).

A review of the complaint indicates that diversity citizenship is lacking. As to the citizenships of John Does 1-50, the complaint states: "Upon best information and belief, Defendants JOHN DOES 1-50 are subsidiaries, partners, or other entities that were involved in the design, development, manufacture, testing,

1

packaging, promoting, marketing, advertising, distribution, labeling, and/or sale of the herbicide Roundup, containing the active ingredient glyphosate. The identities of JOHN DOES 1-50 are unknown to Plaintiff at this time. Plaintiff will move the Court to specifically name JOHN DOES 1-50 as their identities becomes known to Plaintiff through discovery."  (Doc. 1, ¶ 11).   These allegations are insufficient to establish diversity jurisdiction. "… [B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, "John Doe" defendants are not permitted in federal diversity suits.  [citations omitted.]  To this as to most legal generalizations there are exceptions. The obvious one, inapplicable to this case however, is if the "John Does" are merely nominal parties, irrelevant to diversity jurisdiction. *Moore v. General Motors Pension Plans, supra,* 91 F.3d at 850; *United States Fire Ins. Co. v. Charter Financial Group, Inc., supra,* 851 F.2d at 958 n. 3. And naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiffs. 28 U.S.C. § 1441(a). That exception is also inapplicable to this case, which was not removed. *Salzstein v. Bekins Van Lines, Inc.,* 747 F.Supp. 1281, 1283 (N.D.Ill.1990).… So none of the exceptions applies here, and the plaintiff doesn't even have the excuse (not justification) of not knowing the defendant's name. It should not be difficult to determine an insurance company's state or states of citizenship." *Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997).

Thus, the Court **ORDERS** plaintiff to **SHOW CAUSE** on or before August 9, 2016 why the Court should not dismiss John Does 1-50 for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Signed this 26th day of July, 2016.**

Digitally signed by Judge David R. Herndon
Date: 2016.07.26 09:17:30 -05'00'

**United States District Judge**